IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA L. GOLKOW, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ESQUIRE DEPOSITION SERVICES, LLC, | : | NO. 07-cv-03355 |
| Defendant. | : | |

**MEMORANDUM OPINION**

**TIMOTHY R. RICE**                                                                                              July 15, 2010
**U.S. MAGISTRATE JUDGE**

I.  Background

This case involves a breach of contract claim, in which plaintiff Linda Golkow alleges defendant Esquire Deposition Services, LLC ("Esquire") breached its contract to pay her a 25 percent commission for business she generated on behalf of Esquire.  See Complaint at 2-5, Golkow v. Esquire Deposition Svc., LLC, No. 07-cv-03355 (E.D. Pa. Aug. 14, 2007) [hereinafter Original Complaint].  Golkow seeks leave to amend her Complaint to include a claim for conversion and a request for punitive damages based on evidence already gathered during discovery.  See Plaintiff's Motion for Leave to Amend Complaint at 2-3, Exh. 2, Golkow v. Esquire Deposition Svc., LLC, No. 07-cv-03355 (E.D. Pa. May 13, 2010) [hereinafter Plaintiff's Motion].

Golkow's proposed amended complaint is futile because her conversion claim is barred by the gist of the action doctrine.  See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (futility is the failure to state a claim upon which relief could be granted).  Additionally, allowing Golkow to amend her complaint would cause undue prejudice to Esquire.

II.     Discussion

"[C]ourts have shown a strong liberality . . . in allowing amendments under Rule 15(a)." Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous. of the V.I., Inc., 663 F.2d 419, 425 (3d Cir. 1981) (citations omitted); see Fed. R. Civ. P. 15(a)(2) (the court should freely give leave to amend). However, "undue delay, bad faith, or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or the] futility of amendment" justify denial of leave to amend. Foman v. Davis, 371 U.S. 178, 182 (1962); Shane, 213 F.3d at 115.

A.      Gist of the Action Doctrine

The gist of the action doctrine "is designed to maintain the conceptual distinction between breach of contract claims and tort claims," and therefore precludes plaintiff from recasting ordinary breach of contract claims into tort claims. Krajewski v. Am. Honda Finance Corp., 557 F. Supp. 2d 596, 607 (E.D. Pa. 2008) (Yohn, J.) (citing eToll, Inc. v. Elias/Savion Adver., Inc., 811 A.2d 10, 14 (Pa. Super. Ct. 2002).[1]

Contract actions involve the breach of duties imposed by mutual consensus, whereas tort actions involve the breach of duties imposed by social policy. Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc., 247 F.3d 79, 103 (3d Cir. 2001); eToll, 811 A.2d at 14. Therefore, if the parties' obligations stem from social policy, the claim may be construed as a tort action. If,

---

[1] The Pennsylvania Supreme Court has not explicitly adopted the gist of action doctrine. However, the Pennsylvania Superior Court and courts in this district have predicted the Supreme Court will adopt the doctrine. See The Knit With v. Knitting Fever, Inc., 2009 WL 3427054, at *4 n.2 (E.D. Pa. Oct. 20, 2009) (Buckwalter, S.J.).

2

however, the parties' obligations flow from an agreement between the parties, the claim is limited to a contract claim. Knit With, 2009 WL 3427054, at *6; eToll, 811 A.2d at 14.

Conversion is "the deprivation of another's right of property in, or use of possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification." Markert v. Becker Technical Staffing, Inc., 2010 WL 1856057, at *8 (E.D. Pa. May 7, 2010) (Joyner, J.) (quoting Underhill Coal Mining Co. v. Hixon, 652 A.2d 343, 345 (Pa. Super. Ct. 1994)). The gist of the action doctrine precludes an action for conversion if the conversion claim depends on the obligations of the contract. Krajewski, 557 F. Supp. 2d at 607; U.S. Claims, Inc. v. Saffren & Weinberg, LLP, 2007 WL 4225536, at *9 (E.D. Pa. Nov. 29, 2007) (Buckwalter, S.J.); see, e.g., Quandry Sol'ns, Inc. v. Verifone Inc., 2007 WL 655606, at *4 (E.D. Pa. Mar. 1, 2007) (DuBois, J.) (conversion claim based upon a duty to pay that arose from the parties' contract).

For example, in Mid-Continent Ins. Co. v. Packel, 2001 WL 34371697 (E.D. Pa. Oct. 25, 2001) (Surrick, J.), the plaintiff's conversion claim alleged defendant deliberately and knowingly withheld premiums from plaintiff, and sought damages of $639,420.53. Plaintiff's breach of contract claim alleged defendant breached the contract by withholding $639,420.53 in premiums from plaintiff. The conversion claim was barred by the gist of the action doctrine because the two claims were essentially the same. See 2001 WL 34371697, at *4; see also Saffren, 2007 WL 4225536, at *9 (doctrine bars conversion claim where the pleadings are merely a damage claim for breach of contract).

Similarly, Golkow's conversion and contract claims are essentially the same. Golkow's breach of contract claim alleges: "Esquire has failed and refused to pay Golkow the 25%

3

commission rate due and owing to her under the contract. . . . Esquire's failure and refusal to pay Golkow the 25% commission rate due and owing to her constitutes a material breach of the contract, and caused Golkow to suffer damages in excess of $141,200.40 . . . ." See Original Complaint at ¶¶ 29-30. Golkow's proposed conversion claim alleges: "Golkow was entitled to a 25% commission of all business generated at Esquire by and on behalf of Golkow . . . . Esquire has seized and refused to return at least $141,200.40 belonging to Golkow." See Plaintiff's Motion at Exh. 2 ¶¶ 33-34. Golkow's conversion claim is based upon Esquire's obligation to pay under the parties' contract, and is therefore barred under the gist of the action doctrine. See Krajewski, 557 F. Supp. 2d at 607; Quandry Sol'ns, 2007 WL 655606, at *4.[2]

B.  Undue Prejudice

Moreover, Golkow's amended complaint is unduly delayed and would cause undue prejudice to Esquire.

A motion to amend should be made as soon as the necessity for altering the pleading becomes apparent. Furman Lumber, Inc. v. The Mountbatten Surety Co., Inc., 1997 WL 397496, at *4 (E.D. Pa. July 9, 1997) (Padova, J.). Delay becomes undue and causes undue prejudice when the non-moving party will be unfairly disadvantaged or deprived of the opportunity to present facts or evidence it would have offered had the moving party's amendments been timely.

---

[2] Golkow relies on Bernhardt v. Needleman, 705 A.2d 875 (Pa. Super. Ct. 1997) for the proposition that there are causes of action for breach of contract and conversion to recover an unpaid referral fee. In Bernhardt, however, the court found the plaintiff attorney had a property interest in the settlement of contingent fee litigation based on the Rules of Professional Conduct, and therefore a conversion claim was viable. 705 A.2d at 878; see Lex & Smith Prof'l Assocs., Ltd. v. Wilmington Prof'l Assocs., Inc., 1999 WL 33100113, at *1 n.3 (E.D. Pa. May 18, 1999) (Yohn, J.). Here, neither Golkow nor Esquire are attorneys and therefore are not bound by the Rules of Professional Conduct.

4

Heyl, 663 F.2d at 426; Achey v. Crete Carrier Corp., 2009 WL 101843, at *2 (E.D. Pa. Jan. 14, 2009) (Golden, J.).

Undue prejudice has been found where the amendment would have asserted new claims, where new discovery would have been necessary, where the motion for leave was filed months after the factual basis of the amendment was discovered by the moving party, and where the motion for leave was brought after summary judgment motions were filed. See Leaphart v. Am. Friends Svc. Comm., 2008 WL 5336703, at *3 (E.D. Pa. Dec. 22, 2008) (Restrepo, M.J.); Capp, Inc. v. Dickson/Unigage, Inc., 2004 WL 2188100, at *3 (E.D. Pa. Sept. 8, 2004) (Yohn, J.); Cummings v. City of Phila., 2004 WL 906259, at *4 (E.D. Pa. Apr. 26, 2004) (Hutton, J.).

Golkow filed her motion for leave to amend her complaint on May 13, 2010, almost eleven months after the close of the discovery, see Order, Golkow v. Esquire Deposition Svcs., LLC, No. 07-3355 (E.D. Pa. Apr. 15, 2009) (second extension of discovery), and almost ten months after motions for summary judgment were filed, see Defendant's Motion for Summary Judgment, Golkow v. Esquire Deposition Svcs., LLC, No. 07-3355 (E.D. Pa. July. 15, 2009). She acknowledges the basis for her amendment was apparent by the close of discovery. See Plaintiff's Motion at 2-3 (argues no undue delay nor undue prejudice because proposed amended complaint will only add a new claim based on evidence already gathered during discovery).

Further, the addition of a conversion claim substantially alters the course of the proceeding. See Furman, 1997 WL 397496, at *5. Golkow's proposed conversion claim requests punitive damages, alleging Esquire's conduct was egregious, intentional, willful, wanton, and outrageous. See Plaintiff's Motion at Exh. 2 ¶ 40; see also Montgomery v. Fed. Ins. Co., 836 F. Supp. 292, 302 (E.D. Pa. 1993) (Joyner, J.) (punitive damages for conversion claims

5

standard). Breach of contract actions involve objective factors, such as terms, duties, performance, and damages, whereas claims for punitive damages involve evaluation of subjective intent. See Furman, 1997 WL 397496, at *5. Discovery has been closed for almost a year. Therefore, the amended complaint would cause Esquire undue prejudice because Esquire would be deprived the opportunity to present facts or evidence related to the subjective intent of the punitive damages claim. See Heyl, 663 F.2d at 426.

An appropriate Order follows.